IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **STEWART FAMILY FUNERAL HOME, LTD.** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CASE NO. 205-CV-116 |
| | § | |
| **FUNERAL DIRECTORS' LIFE INSURANCE CO.** | § | |
| | § | |
| Defendant | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant Funeral Directors Life Insurance Co.'s ("FDLIC") Motion to Dismiss Under Rule 12(b) (Docket No. 24) and Defendants Alderwoods, Inc. and Alderwoods, L.P.'s (collectively "Alderwoods") Motion to Dismiss (Docket No. 31). Having considered the parties' written submissions and oral arguments, the Court **GRANTS** the motions.

**BACKGROUND**

Stewart Family Funeral Home ("Stewart") alleges that in the regular course of its business, it provides funeral services under pre-need contracts funded by FDLIC, but which originated from other funeral homes. A pre-need funeral contract is sold by a funeral home and allows the purchaser to purchase funeral goods and services in advance of his or her need at current market prices. FDLIC funds these contracts with life insurance policies. The face amount of the policy is actuarially selected in order to insure the entire cost of the pre-selected services at the anticipated time of need. In some instances, the growth on the policies eclipses the principle amount. Stewart claims that in situations where Stewart provides the funeral services under a pre-need contract that was sold by a different funeral home, FDLIC pays the principle amount to Stewart and pays the growth to the funeral home that sold the contract. In

1

some instances, Stewart claims this requires it to accept less than full payment for its services or to refuse to provide the services, neither of which is acceptable to Stewart.

Stewart brings this suit on behalf of all providers of funeral goods and services in the United States seeking a judicial interpretation of FDLIC's pre-need funeral services contract. Stewart seeks a judicial declaration that FDLIC's standard pre-need funeral contract requires that all proceeds be paid to the servicing funeral home facility regardless of whether that facility originated the contract. Stewart also alleges a Lanham Act claim. Stewart argues that Defendants' statements that the pre-need contracts are freely transferable to providers of funeral services other than the selling home is false, misleading, and confusing. Stewart alleges these misrepresentations have confused consumers, harmed Stewart, and unjustly profited Defendants. Stewart seeks an injunction against Defendants' continued alleged misrepresentations.

Defendants move to dismiss this case on numerous grounds. Primarily, Defendants contend Stewart lacks standing to bring this suit. Defendants also contend Stewart has failed to adequately plead a Lanham Act claim. Finally, Defendants argue Stewart has failed to properly invoke the Court's jurisdiction under the Class Action Fairness Act.

## ANALYSIS

**Standing for Declaratory Judgment**

*Applicable Law*

Article III of the Constitution limits federal courts to hearing "cases" and "controversies." *Shields v. Norton*, 289 F.3d 832, 834-35 (5th Cir. 2002). A case or controversy must be ripe for decision. *Id.* at 835. Even as a declaratory judgment action, it may not be premature or speculative. *Id.* "A declaratory judgment action is ripe only where an 'actual controversy' exists," which occurs when

"'a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests.'" *Id.* (quoting *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000)).

Generally, only the contracting parties have standing to sue to on a contact. *See Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 602 (5th Cir. 2000). An exception to the general rule is made for third-party beneficiaries, who have standing to sue on contracts made for their benefit. *See id.* Under Texas law, a person is a third-party beneficiary if: (1) the contracting parties intended to convey a benefit to the third party and (2) the contracting parties entered into the contract directly for the third party's benefit. *In re El Paso Refinery, LP*, 302 F.3d 343, 354 (5th Cir. 2002) (citing *MCI Telecomms. Corp. v. Texas Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999)). A party who receives only an incidental benefit is not a third-party beneficiary. *Id.* When determining whether contracting parties intended to make another party a third-party beneficiary, courts presume that parties intend to contract for themselves. *Id.* Courts are limited to the "four corners of the instrument" in determining the parties' intent. *Id.* Parties must clearly and fully spell out their intention to create a third-party beneficiary. *MCI Telecomms. Corp.*, 995 S.W.2d at 651. It must "clearly appear" that the parties intended a third party benefit from their contract. *Id.*

*Application*

FDLIC's pre-need contract defined the parties to the contract.[1] "Seller" referred to the funeral home selling the pre-need contract. The "Purchaser" was the customer signing the contract. The "Designated Beneficiary" referred to the person for whom funeral services were being arranged.

---

[1] All references are made to the 1995 contract form, which was utilized in the hearing for illustrative purposes. Defendants point out that Stewart has not sued on any particular executed contract, but is instead asking the Court to interpret various form contracts, which varied each year. Defendants argue it would be improper for the Court to interpret a form contract because it would be akin to issuing an advisory opinion. Since the Court determines on other grounds that Stewart does not have standing to sue, the Court does not address the merits of this argument. However, the 1995 form contract remains useful for illustrative purposes.

"Provider" referred to the funeral home designated in the contract to provide funeral services at the time of death.

Stewart admits it was not an original party to the contracts at issue. Stewart argues that the contracts have been transferred to Stewart making Stewart the "Provider" under the contract. The contracts do allow for a new funeral service provider to be designated. The Purchaser may designate a new Provider when the original Provider breaches the contract. Additionally, if the Purchaser moves, and the originally-named Provider consents in writing, the Purchaser may designate a new funeral home to provide funeral services. Although the contract states it is "binding upon the successors, assigns, beneficiaries, heirs, and legal representatives of all the parties [t]hereto," "[t]he rights under th[e] contract are personal to the Provider, the Purchaser, and the Designated Beneficiary, and [the] contract cannot be assigned or transferred without the written consent of the Purchaser, the Provider, and [the] Seller]." Thus, unless the originally-designated Provider breaches the contract, the Provider's written consent is necessary for the Purchaser to designate a new funeral home to provide the funeral services. Stewart has not shown that any of the Purchasers who now want Stewart to provide funeral services under the contract have obtained the originally-designated Provider's written consent to designate Stewart as a new Provider or are relieved from doing so because the originally-designated Provider breached the contract. Thus, Stewart has not shown it is a party to the contracts.

Although not a party, Stewart has standing to sue if Stewart can show it is a third-party beneficiary. When the "Designated Beneficiary" was not also the "Purchaser," the "Designated Beneficiary" would be a third-party beneficiary. An intent to benefit any other non-contracting party is not apparent on the face of the contract. Accordingly, Stewart does not have third-party-beneficiary standing.

Stewart argues that third-party-beneficiary standing is not required in this case because Stewart is an "interested party" in a dispute over an insurance contract. The cases Stewart relies on are clearly distinguishable. In both *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 260 (1941) and *Standard Accident Insurance Co. v. Meadows*, 125 F.2d 422 (5th Cir. 1942), an insurance company's declaratory judgment action was found to state an actual controversy sufficient for jurisdiction. In those cases, an insurance company brought a declaratory judgment against its insured and a third party injured by its insured to determine whether the insurance company was liable for its insured's injurious actions. That situation is very different than the one before this Court. In the situation of an insurance contract, a person injured by an insured is viewed as a third-party beneficiary of a liability insurance policy. *Nat'l Am. Ins. Co. v. Breaux*, 368 F. Supp. 2d 604, 620 (E.D. Tex. 2005) (Crone, J.); *State Farm County Mut. Ins. Co. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989) (per curiam). Although funded by a life insurance contract, the pre-need contracts at issue here are not insurance contracts, and Stewart is not a third-party beneficiary to them.

Stewart is not a party to FDLIC's pre-need funeral services contracts. Nor is Stewart a third-party beneficiary to the contracts. As such, Stewart has no right to sue on the contracts and lacks standing to bring a declaratory judgment action on the contracts.

**Lanham Act**

*Applicable Law*

To establish a claim under the Lanham Act, a plaintiff must show:

(1) that the defendant made a false statement of fact about its product in a commercial advertisement; (2) that the statement actually deceived or has a tendency to deceive a substantial segment of its audience; (3) the deception is likely to influence the purchasing decision; (4) the defendant caused the false statement to enter interstate commerce; and (5) the plaintiff[ ] ha[s] been or [is] likely to injured as a result.

*Logan v. Burgers Ozark Country Cured Hams Inc.*, 263 F.3d 447, 462 (5th Cir. 2001) (quoting *Blue Dane Simmental Corp. v, Am. Simmental Ass'n*, 178 F.3d 1035, 1042 (8th Cir. 1999)). A plaintiff must have both constitutional and prudential standing to bring a claim under the Lanham Act. *Logan*, 263 F.3d at 460 n.9. In order to satisfy the constitutional standing requirement, a plaintiff must show (1) an injury in fact (2) that is fairly traceable to the defendant's actions and (3) that likely will be redressed by a favorable decision. *Id.*

*Application*

Stewart alleges "Defendants' statements that pre-need funeral contracts are freely transferable to providers of funeral services other than the selling home is [sic] false, misleading and confusing. . . . These representations have caused confusion among consumers, harmed Stewart in its business and unjustly profited Defendants." Stewart seeks an injunction against "Defendants' continued misrepresentation of the transferability of the pre-need contracts."

Defendants argue Stewart's Lanham Act must be dismissed because it is insufficiently pled and because it is moot. Defendants contend Stewart's Lanham Act claim is moot because the injunction Stewart seeks is no longer necessary. It is undisputed that FDLIC's current forms are not ambiguous as to whom the principle and growth are paid. On that basis, Defendants contend that no basis for an injunction currently exists because the statements Stewart wants enjoined are no longer being made. Stewart does not dispute that the statements it wants enjoined are no longer being made, but responds that its request for an injunction is not mooted by FDLIC's use of new contract forms "because hundreds, if not thousands, of these contract[s] remain in effect and their transferability remains a significant issue among consumers and funeral service providers." Although Stewart may be correct that hundreds of these contracts remain in effect, injunctive relief cannot clarify the already-purchased contracts'

transferability. Accordingly, Stewart cannot satisfy the third requirement for constitutional standing as to its Lanham Act claim—that Stewart's harm from Defendants' alleged past misrepresentations will likely be redressed by an injunction—since Stewart does not allege that Defendants continue to make the allegedly misleading statements. Because Stewart's Lanham Act claim is moot, the Court does not need to address whether Stewart satisfied the pleading requirements for a Lanham Act claim. Accordingly, the Court dismisses Stewart's Lanham Act claim for lack of standing.

## CONCLUSION

Stewart lacks standing to bring a declaratory judgment action seeking interpretation of the contracts because it is neither a party nor a third-party beneficiary to FDLIC's contracts . Stewart lacks constitutional standing to bring its Lanham Act claim because the injunctive relief it seeks is moot and cannot redress its alleged wrong. Because Stewart lacks standing to bring its claims, the Court does not need to address whether Stewart properly invoked the Court's jurisdiction under the Class Action Fairness Act. Accordingly, the Court **GRANT**S Defendants' motions to dismiss and dismisses all claims against FDLIC and Alderwoods.

**So ORDERED and SIGNED this 23rd day of January, 2006.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**